UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM ROJAS, ) | |
| ) | |
| Plaintiff, ) | Case No. 17-cv-281 |
| ) | |
| v. ) | **CLASS ACTION COMPLAINT** |
| ) | |
| GOSMITH, INC. and DOES 1-20, ) | **JURY DEMANDED** |
| ) | |
| Defendants. ) | |

Now comes the Plaintiff, WILLIAM ROJAS, by and through his attorneys, and for his class action Complaint against the Defendants, GOSMITH, INC. and DOES 1-20, Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendant, in negligently, knowingly and/or willfully sending, through its agent(s), sales, solicitation and/or other telemarketing text messages to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, specifically the National Do-Not-Call and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. According to the Federal Communications Commission's website, accessed on June 19, 2017 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects home voice or personal wireless phone numbers. You can register your numbers on the

>national Do Not Call list by phone or on the Internet at no cost… Callers are prohibited from making telephone solicitations to any numbers on the Do Not Call list. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers. Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register.

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

>[b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13.

6. With the advancement of technology, numerous courts have recognized the

TCPA's applicability to unsolicited text messages sent to persons' cellular telephones.

7. Persons, like Plaintiff herein, have no control to stop unsolicited unwanted text messages to their cellular telephones.

8. Plaintiff and the members of the proposed Class defined below received unsolicited sales text messages to their cellular telephones, all because Defendant wished to advertise and market its products and/or services for its own benefit.

## JURISDICTION AND VENUE

9. This Court had jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District and Plaintiff resides within the Northern District of Indiana.

## PARTIES

11. Plaintiff is an individual who was at all relevant times residing in the City of Hammond, County of Lake, State of Indiana.

12. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

13. On information and belief, Defendant is a corporation of the State of Delaware, which is not authorized to do business in Indiana, and whose principal place of business is located in Menlo Park, California.

14. On information and belief, at all times relevant hereto, Defendant was engaged in the marketing and sale of a service that connects individual homeowners with businesses that provide home improvement, home repair, landscaping, cleaning, and other related services.

15. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS COMMON TO ALL COUNTS

16. During or about March 20, 2015, Plaintiff successfully registered his cellular telephone number ending in -8619 with the National Do Not Call Registry.

17. On or about January 15, 2017, Defendant began sending unsolicited text messages to Plaintiff's cellular telephone.

18. Plaintiff has not previously sought out or requested Defendant's services. Further, Plaintiff has not transacted any business with Defendant, nor provided authorization for Defendant to contact Plaintiff in any way, including via automated telephone call or text message.

19. Between January 15, 2017 and April 17, 2017, Plaintiff received at least 73 unsolicited text messages from Defendant on his cellular telephone.

20. On at least one occasion during that time frame, Plaintiff replied to one of Defendant's unsolicited text messages by replying to the message with the word "STOP". By sending such reply, Plaintiff clearly indicated that he did not expressly consent to Defendant sending him these text messages.

21. Despite Plaintiff's unequivocal request that Defendant stop sending him unsolicited text messages, Plaintiff continued to receive many more such messages from Defendant.

## CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class defined as follows (the "Class"):

> All persons or entities within the United States who received any text message or messages, sent by or on behalf of Defendant, without the consent of the recipient, within four years prior to the filing of this Complaint.

23. Defendants, their employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the

hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

24. The Class is so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include hundreds, if not thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

25. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P.23(a) because the Class are so numerous that joinder of the Class members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

26. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

    a. Whether the Class members' received any text messages, sent by or on behalf of Defendant, without the consent of the recipient, within four years prior to the filing of this Complaint; and

    b. Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq.*, by sending automated text messages to the Class members without proper consent.

27. As a resident of the United States who received text messages, sent by or on behalf of Defendant, without his consent, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Class.

28. Plaintiff has no interest adverse or antagonistic to the interests of the other members of the Class.

29. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

30. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

31. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

32. Defendant has acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

33. Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(b), and 47 C.F.R. § 64.1200(c) and (d), as to the Class members with respect to the above-alleged transactions.

34. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

35. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

36. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> …
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a

        reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

37. In multiple instances, Defendant sent text messages to the Class members without the prior express consent of the recipients, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

38. In multiple instances, Defendant sent text messages to the Class members after the members requested they stop and after the member registered with the federal government's Do Not Call list in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

39. In addition, on information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of Defendant, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

40. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

### COUNT I
### NEGLIGENT VIOLATION OF THE
### TELEPHONE CONSUMER PROTECTION ACT

41. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 40 above as if reiterated herein.

42. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

44. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 44 above as if reiterated herein.

46. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c) and (d).

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

    a. An order certifying the Class and appointing Plaintiff as Representative of the Class;

    b. An order certifying the undersigned counsel as Class Counsel;

    c. An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful conduct herein;

    d.       Judgment against Defendant in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendant;

    e.       Judgment against Defendant in an amount of up to $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendant;

    f.       An order for injunctive relief prohibiting such conduct by Defendant in the future;

    g.       Judgment against Defendant for Plaintiff's court costs and other litigation costs; and

    h.       Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

WILLIAM ROJAS

By:    /s/ David B. Levin
       Attorney for Plaintiff
       Illinois Attorney No. 6212141
       Admitted to Practice in the Northern District of Indiana
       Law Offices of Todd M. Friedman, P.C.
       111 West Jackson Blvd., Suite 1700
       Chicago, IL 60604
       Phone: (312) 212-4355
       Fax: (866) 633-0228
       dlevin@toddflaw.com